FILED16 JUL '19 14:58USDC-ORP


UNDER SEAL

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:19-cr-00303-BR |
| v. | **INDICTMENT** |
| KARANJIT SINGH KHATKAR and JAGROOP SINGH KHATKAR | 18 U.S.C. § 1349;<br>18 U.S.C. § 1343;<br>18 U.S.C. § 1028A; |
| Defendants. | 18 U.S.C. § 1956(h) and<br>18 U.S.C. § 1957 |
| | **Forfeiture Allegations** |

### THE GRAND JURY CHARGES:

### INTRODUCTORY ALLEGATIONS:

1. Defendants **KARANJIT SINGH KHATKAR** and **JAGROOP SINGH KHATKAR** are citizens of the country of Canada and reside in British Columbia.

2. ADULT VICTIM 1 (hereinafter "AV1") resides in the District of Oregon.

3. Bitcoin is a type of virtual currency. Its value, relative to fiat currency like the United States Dollar, fluctuates over time. For example, bitcoin traded for approximately $6,394.36 on July 14, 2018, and for approximately $6,746.56 on August 24, 2018.

**Indictment**  **Page 1**
Revised April 2018

4. Each transaction with bitcoin, as well as other similar virtual transactions, involves a broadcast over the bitcoin network and corresponding verification that involves transmissions of writings, signs, and signals by wire in interstate and foreign commerce.

5. HitBTC is a platform used to exchange virtual currency, such as bitcoin. HitBTC is based in Hong Kong. HitBTC provides a service for customers to create web-based "wallets" to store virtual currencies, including bitcoin and others, and to make transactions with virtual currency. Typically, customers of HitBTC initiate transfers of bitcoin and other virtual currencies by using HitBTC's website.

6. Kraken is a platform used to exchange virtual currency, such as bitcoin. Kraken is based in the United States. Kraken provides a service for customers to create web-based "wallets" to store virtual currencies, including bitcoin and others, and to make transactions with virtual currency, including the purchase and sale of virtual currency with traditional fiat currency. Typically, customers of Kraken initiate transfers of bitcoin by using Kraken's website.

7. Bitcoin and other virtual currencies can also be held in wallets that are not web-based, such as a desktop wallet where access to the virtual currency is stored locally on a computer. While companies like HitBTC and Kraken may maintain information about who owns an account with their service, an owner of a desktop wallet or other private wallet is generally anonymous.

### COUNT 1
### (Conspiracy to Commit Wire Fraud)
### (18 U.S.C. § 1349)

1. The Introductory Allegations of this Indictment are incorporated herein.

2. Beginning on or about October 23, 2017, and continuing until on or about August 24, 2018, within the District of Oregon and elsewhere, defendants **KARANJIT SINGH**

KHATKAR and **JAGROOP SINGH KHATKAR**, and others, known and unknown to the Grand Jury, did knowingly combine, conspire, confederate, and agree with each other to commit wire fraud, to wit, they agreed to knowingly devise a scheme and artifice to defraud as to material matters and to obtain money and property by means of false and fraudulent pretenses, representations, promises, and omissions in violation of 18 U.S.C. § 1343.

## MANNER AND MEANS AND SCHEME TO DEFRAUD

3. Defendants and others known and unknown to the Grand Jury used the following manner and means to carry out the conspiracy and scheme to defraud:

4. It was part of the conspiracy and scheme to defraud that defendants used a Twitter account using the name @HitBTCAssist to trick victims into thinking they were speaking to a legitimate customer service representative for HitBTC.

5. It was part of the scheme to defraud that defendants, using the fraudulent Twitter account @HitBTCAssist, responded to AV1's questions about withdrawing virtual currency from her account with HitBTC.

6. It was part of the scheme to defraud that defendants convinced AV1 to provide means of identification and other information. Defendants used that information to log on and take over AV1's email account, HitBTC account, and Kraken account.

7. It was part of the scheme to defraud that defendants used AV1's HitBTC account and email account to fraudulently initiate transfers of AV1's bitcoins to **KARANJIT SINGH KHATKAR**'s account at Kraken. Defendants also used AV1's Kraken account to transfer AV1's bitcoin to **KARANJIT SINGH KHATKAR**'s Kraken account.

8. Through the conspiracy, defendants and their co-conspirators agreed to and did cause the transmission of wires that traveled interstate and internationally including the use of

communications over wire such as emails and messages on the Twitter platform, transfers of money over wire, transfers of bitcoin over wire, and use of the internet to access websites including the websites of email providers and bitcoin exchanges.

All in violation of 18 U.S.C. § 1349.

## COUNTS 2-6
## (Wire Fraud)
## (18 U.S.C. § 1343)

1. The Introductory Allegations, Count 1, and all prior paragraphs of this Indictment are incorporated herein.

2. On or about the dates set forth in each Count below, in the District of Oregon and elsewhere, defendants **KARANJIT SINGH KHATKAR** and **JAGROOP SINGH KHATKAR,** together with others known and unknown to the Grand Jury, for the purposes of attempting to execute and executing the material scheme to defraud described in Count 1, and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and omissions, knowingly transmitted, or caused to be transmitted, by means of wire and radio communications in interstate or foreign commerce, each transmission constituting a separate count:

| Count | Date | Description of Execution |
|---|---|---|
| 2 | July 11, 2018 | Twitter message from @HitBTCAssist to AV1 requesting means of identification |
| 3 | July 11, 2018 | Twitter message from AV1 to @HitBTCAssist providing means of identification |
| 4 | July 11, 2018 | Access to the email account of AV1 |
| 5 | July 14, 2018 | Access to the Kraken account of AV1 |
| 6 | July 14, 2018 | Transfer of 23.2 bitcoin from AV1 account at HitBTC to **KARANJIT SINGH KHATKAR**'s account at Kraken |

All in violation of Title 18 U.S.C. § 1343.

/ / /

## COUNTS 7-9
## (Aggravated Identity Theft)
## (18 U.S.C. § 1028A)

1. The Introductory Allegations, Counts 1 through 6, and all prior paragraphs of this Indictment are incorporated herein.

2. On or about the dates set forth below in each Count, in the District of Oregon and elsewhere, **KARANJIT SINGH KHATKAR** and **JAGROOP SINGH KHATKAR** did unlawfully, knowingly, and intentionally transfer, possess, and use, without lawful authority, a means of identification of another, knowing that the means of identification belonged to a real person, during and in relation to felony violations of provisions contained in Chapter 63 of Title 18, to wit: Conspiracy to Commit Wire Fraud and Wire Fraud, in violation of 18 U.S.C. §§ 1343 & 1349.

| Count | Transaction Date | Means of Identification | Felony Violations |
|---|---|---|---|
| 7 | July 11, 2018 | AV1 credentials to access AV1's email account | 18 U.S.C. § 1349 (Count 1); 18 U.S.C. § 1343 (Count 4) |
| 8 | July 14, 2018 | AV1 credentials to access the Kraken account of AV1 | 18 U.S.C. § 1349 (Count 1); 18 U.S.C. § 1343 (Count 5) |
| 9 | July 14, 2018 | AV1 credentials to transfer 23.2 bitcoin from AV1 account at HitBTC to **KARANJIT SINGH KHATKAR**'s account at Kraken | 18 U.S.C. § 1349 (Count 1); 18 U.S.C. § 1343 (Count 6) |

All in violation of 18 U.S.C. § 1028A.

## COUNT 10
## (Conspiracy to Commit Money Laundering)
## (18 U.S.C. § 1956(h))

1. The Introductory Allegations, Counts 1 through 9, and all prior paragraphs of this Indictment are incorporated herein.

2.  Beginning on or about October 23, 2017, and continuing until on or about August 24, 2018, within the District of Oregon and elsewhere, defendants **KARANJIT SINGH KHATKAR** and **JAGROOP SINGH KHATKAR**, and others, known and unknown, did knowingly combine, conspire, and agree with each other and with others, known and unknown, to knowingly engage and to attempt to engage in monetary transactions by, through, or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000 that was derived from a specified unlawful activity (Wire Fraud) in violation of 18 U.S.C. § 1957.

### MANNER AND MEANS OF THE CONSPIRACY

3.  The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

4.  Beginning on or about October 23, 2017, and continuing until on or about August 24, 2018, within the District of Oregon and elsewhere, defendants **KARANJIT SINGH KHATKAR** and **JAGROOP SINGH KHATKAR** engaged in the scheme to defraud described in the preceding counts and obtained over 23 bitcoin from AV1.

5.  Defendants then engaged in steps to transfer, sell, and convert the currency through financial transactions alleged in Counts 11-16, each involving more than $10,000 of proceeds from the material scheme to defraud described in the preceding counts.

All in violation of 18 U.S.C. § 1956(h).

### COUNTS 11-16
### (Money Laundering)
### (18 U.S.C. § 1957)

1.  The Introductory Allegations, Counts 1 through 10, and all prior paragraphs of this Indictment are incorporated herein.

**Indictment**                                                                                     **Page 6**

2. On or about the dates set forth below, in the District of Oregon and elsewhere, defendants **KARANJIT SINGH KHATKAR** and **JAGROOP SINGH KHATKAR** did knowingly engage and attempt to engage in the following monetary transactions by through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is the deposit, withdrawal, transfer, exchange of currency and funds, such property having been derived from a specified unlawful activity, that is Wire Fraud in violation of 18 U.S.C. § 1343, as more specifically identified below:

| Count | Defendant(s) | Date | Monetary Transaction | Amount Transferred | Approximate Value in U.S. Dollars |
|---|---|---|---|---|---|
| 11 | KARANJIT SINGH KHATKAR and JAGROOP SINGH KHATKAR | July 14, 2018 | Transfer of bitcoin from **KARANJIT SINGH KHATKAR's** Kraken account to **JAGROOP SINGH KHATKAR's** Kraken account | 7.9995 bitcoin | $50,910.90 |
| 12 | KARANJIT SINGH KHATKAR and JAGROOP SINGH KHATKAR | July 15, 2018 | Transfer of bitcoin from **KARANJIT SINGH KHATKAR's** Kraken account to **JAGROOP SINGH KHATKAR's** Kraken account | 3.6995 bitcoin | $24,936.66 |
| 13 | KARANJIT SINGH KHATKAR | July 27, 2018 | Exchange of bitcoin for Canadian currency | 24,990 Canadian Dollars | $19,134.84 |
| 14 | KARANJIT SINGH KHATKAR | July 31, 2018 | Exchange of bitcoin for Canadian currency | 15,703.12 Canadian Dollars | $12,067.85 |
| 15 | KARANJIT SINGH KHATKAR | August 22, 2018 | Exchange of bitcoin for Canadian currency | 19,990 Canadian Dollars | $15,378.31 |
| 16 | KARANJIT SINGH KHATKAR | August 24, 2018 | Exchange of bitcoin for Canadian currency | 23,046.13 Canadian Dollars | $17,680.99 |

All in violation of 18 U.S.C. § 1957.

## FIRST FORFEITURE ALLEGATION

Upon conviction of the offense alleged in Counts 1 through 6 of this Indictment, defendants **KARANJIT SINGH KHATKAR** and **JAGROOP SINGH KHATKAR** shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, and derived from, proceeds defendants obtained directly and indirectly, as the result of such violation.

## SECOND FORFEITURE ALLEGATION

Upon conviction of the offenses alleged in Counts 10 through 16 of this Indictment, defendants **KARANJIT SINGH KHATKAR** and **JAGROOP SINGH KHATKAR** shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(1), all property, real or personal, involved in the money laundering offenses and all property traceable to such property, including but not limited to a money judgment for a sum of money equal to the amount of property involved in the money laundering as alleged in Counts 10-16.

## SUBSTITUTE ASSETS

If any of the above-described forfeitable property listed in Counts 1 through 5 and 10 through 16 of this Indictment, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described in these forfeiture allegations.

Dated this July 16, 2019.

A TRUE BILL.

OFFICIATING FOREPERSON

Presented by:

BILLY J. WILLIAMS
United States Attorney

QUINN P. HARRINGTON, OSB #083544
Assistant United States Attorney